IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MOISES GONZALEZ | § § § | |
| V. | § § | CASE NO. 5:17-cv-185 |
| SENTINEL INSURANCE COMPANY, LTD RAFAEL ANGEL MANCILLAS | § § § | |

## NOTICE OF REMOVAL

Defendant, Sentinel Insurance Company, Ltd. ("Sentinel") through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal of the action captioned as follows: *Moises Gonzalez v. Sentinel Insurance Company, Ltd. And Rafael Angel Mancillas*, Cause No. 2017CVH001569D2; In the 111th Judicial District Court of Webb County, Texas. In support of this Notice of Removal, Sentinel respectfully represents the following:

1. Plaintiff, Moises Gonzalez ("Plaintiff") commenced the state-court action against Sentinel and Rafael Angel Mancillas ("Mancillas") on or about August 3, 2017, by filing Plaintiff's Original Petition (the "Petition") in the 111th Judicial District Court of Webb County, Texas. Sentinel was served with the summons and a copy of the complaint on August 23, 2017. Plaintiff nonsuited Mancillas on September 11, 2017.

2. A copy of all process, pleadings, and orders in the state-court action is filed with this Notice of Removal.

3. The Petition avers that Plaintiff is a resident citizen of Webb County, Texas. (Pet. ¶ 2.)

4. The Petition alleges that Defendant Sentinel is an insurance company doing business in the State of Texas. (Pet. ¶ 3.) In fact, Sentinel is a corporation domiciled in the State of Connecticut and maintains its principal place of business in Hartford, Connecticut.

5. The Petition alleges that Plaintiff owns property located in Laredo, Texas (the "Property") that was insured by an insurance policy issued by Sentinel. (Pet. ¶ 10)

6. The Petition alleges that "[o]n or about May 21, 2017 a storm hit the Laredo, Texas area, causing "extensive damage to the Property including but not limited to damages to the roof, ceilings and fence." (Pet. ¶ 11)

7. The Petition further alleges that Plaintiff filed a claim on his insurance policy (Pet. ¶ 13) and that Sentinel failed to adequately compensate Plaintiff for the damages under the policy. (Pet. ¶ 17)

8. Plaintiff alleges in the Petition that he is seeking "monetary relief of less than $100,000." (Pet. ¶ 66) This amount satisfies the minimum jurisdictional requirements of this Court.

9. This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. § 1446 (b).

10. Sentinel denies the underlying facts as alleged by Plaintiff or as summarized in this Notice. Sentinel expressly denies that it has any liability to Plaintiff.

## **DIVERSITY JURISDICTION**

11. This Court has original jurisdiction pursuant to 28 U.S.C § 1332 (a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a citizen of Texas, Sentinel is a corporation

domiciled in the State of Connecticut and maintains its principal place of business in Hartford, Connecticut.

12. The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). In the Petition, Plaintiff alleges that he seeks "monetary relief of less than $100,000." (Pet. ¶ 66) Plaintiff also seeks penalties, costs, expenses, pre-judgment interest, and attorneys' fees. (Pet. ¶ 66) Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

13. Plaintiffs in Texas are also not limited to recovery of damages requested in their pleadings. "[L]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints . . ." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that Plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412, n. 10.

14. No binding stipulation or affidavit was filed with the Petition.

## **REMOVAL PROCEDURE**

15. Sentinel has provided the clerk of the 111th Judicial District Court of Webb County, Texas with notice of this removal.

16. Copies of the following documents are hereby provided to the clerk of this Court for filing in connection with this Notice of Removal:

    a. Index of matters being filed;

    b. A copy of the docket sheet from the 111th Judicial District Court, Webb County, Texas.

   c. The state-court file, including all executed process, pleadings and exhibits, and state-court orders;

   d. A list of all parties and their counsel of record; and

   e. Notice of Removal to State Court.

WHEREFORE, Sentinel Insurance Company, Ltd. hereby provides notice that this action is duly removed.

          Respectfully submitted,

          */s/ Martin R. Sadler*
           Martin R. Sadler
           Texas Bar No. 00788842
           msadler@lawla.com
          LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
           A LAW CORPORATION
          801 Travis Street, Suite 1800
          Houston, Texas 77002
          Telephone:  (713) 222-1990
          Facsimile:  (713) 222-1996

          ATTORNEY-IN-CHARGE
          FOR SENTINEL INSURANCE COMPANY, LTD.

OF COUNSEL:

Rebecca A. Moore
Texas Bar No. 24031701
rmoore@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above pleading has been forwarded by Electronic service on this the 22nd day of September, 2017 to:

Matthew M. Zarghouni
Zar Law Firm
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074

                */s/ Martin R. Sadler*
                Martin R. Sadler