111TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. 2017CVH001569D2

| | | | |
|---|---|---|---|
| MOISES GONZALEZ | § | Location: | 111th District Court |
| vs. | § | Judicial Officer: | Notzon, Monica Z. |
| SENTINEL INSURANCE COMPANY LTD,RAFAEL | § | Filed on: | 08/03/2017 |
| MANCILLAS | § | | |

### CASE INFORMATION

Case Type: **Contract - Consumer/Commercial/Debt**
Subtype: **Debt/Contract**

### DATE — CASE ASSIGNMENT

**Current Case Assignment**
| | |
|---|---|
| Case Number | 2017CVH001569D2 |
| Court | 111th District Court |
| Date Assigned | 08/03/2017 |
| Judicial Officer | Notzon, Monica Z. |

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| Plaintiff | **GONZALEZ, MOISES** | **ZARGHOUNI, MATTHEW** *Retained* 713-333-5533(W) |
| Defendant | **MANCILLAS, RAFAEL ANGEL** | |
| | **SENTINEL INSURANCE COMPANY LTD** | |

### DATE — EVENTS & ORDERS OF THE COURT — INDEX

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 08/03/2017 | Original Petition *PLAINTIFF'S ORIGINAL PETITION,JURY DEMAND,AND REQUEST FOR DISCLOSURE* | |
| 08/03/2017 | Civil Case Filed (OCA) | |
| 08/15/2017 | Citation-Issuance *2 CITATIONS ISSUED TO SENTINEL INSURANCE COMPANY. LTD BY SERVING C T CORPORATION SYSTEM. PLACED IN PRIVATE SERVER BOX* | |
| 08/15/2017 | **Citation** SENTINEL INSURANCE COMPANY LTD Served: 08/23/2017 | |
| 08/15/2017 | Citation-Issuance *2 CITATIONS ISSUED TO RAFAEL ANGEL MANCILLAS. PLACED IN PRIVATE SERVER BOX* | |
| 08/15/2017 | **Citation** MANCILLAS, RAFAEL ANGEL Unserved | |
| 08/16/2017 | Calendar Call *CALENDAR CALL FAXED TO ATTORNEY AND ATTACHED TO CITATIONS* | |
| 08/16/2017 | Jury Demand *JURY DEMAND REQUESTED AND PAID BY ATTORNEY MATTHEW ZARGHOUNI* | |

11TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. 2017CVH001569D2

| | |
|---|---|
| 08/24/2017 | Citation Return-Executed<br>*CITATION RETURNED EXECUTED AS TO SENTINEL INSURANCE COMPANY LTD DOS: 8/23/17* |
| 09/11/2017 | Notice Of Nonsuit<br>*PLAINTIFF'S NONSUIT AGAINST DEFENDANT RAFAEL ANGEL MANCILLAS ATTACHED WITH PROPOSED ORDER; ORDER SENT TO COURT COORDINATOR* |
| 09/15/2017 | Atty Request - Copies<br>*LETTER FROM LUGENBUHL DATED 9/15/17 RE: REQUEST AND PAYMENT FOR COPIES* |
| 11/06/2017 | **Calendar Call** (11:00 AM) (Judicial Officer: Notzon, Monica Z.) |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Attorney** ZARGHOUNI, MATTHEW
| | |
|---|---|
| Total Charges | 84.00 |
| Total Payments and Credits | 84.00 |
| **Balance Due as of 9/18/2017** | **0.00** |

**Non-Party** LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
| | |
|---|---|
| Total Charges | 29.00 |
| Total Payments and Credits | 0.00 |
| **Balance Due as of 9/18/2017** | **29.00** |

**Plaintiff** GONZALEZ, MOISES
| | |
|---|---|
| Total Charges | 292.00 |
| Total Payments and Credits | 292.00 |
| **Balance Due as of 9/18/2017** | **0.00** |



*Printed on 09/18/2017 at 8:35 AM*

Filed
8/3/2017 10:38 AM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2017CVH001569D2

Cause No. _____

| | | |
|---|---|---|
| Moises Gonzalez | § | In the District Court |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | Webb County, Texas |
| | § | |
| Sentinel Insurance Company, Ltd and | § | |
| Rafael Angel Mancillas | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____ Judicial District |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Moises Gonzalez ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of Sentinel Insurance Company, Ltd and Rafael Angel Mancillas (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2.      Plaintiff, Moises Gonzalez, is an individual residing in Webb County, Texas at 801 Gale, Laredo TX 78041.

3.      Defendant, Sentinel Insurance Company, Ltd, is an insurance company doing business in Texas and may be served as follows: C T Corporation System 1999 Bryan Street Suite 900 Dallas TX 75201 -3136.

4.      Defendant, Rafael Angel Mancillas, is an adjuster in the course and working scope

1

of employment with Sentinel Insurance Company, Ltd. Rafael Angel Mancillas can be served at

the residential address listed with the Texas Department of Insurance: 200 S Sugar Rd, Edinburg,

TX 78539. Plaintiff requests service at this time.

## C. JURISDICTION

5.      The Court has jurisdiction over Sentinel Insurance Company, Ltd because Sentinel

Insurance Company, Ltd engages in the business of insurance in the State of Texas, and the causes

of action arise out of its business activities in the State of Texas, including those in Webb County,

Texas, with reference to this specific case.

6.      The Court has jurisdiction over Rafael Angel Mancillas because Rafael Angel

Mancillas is a resident of the State of Texas who engages in the business of adjusting insurance

claims in the State of Texas, and the causes of action arise out of Rafael Angel Mancillas's business

activities in the State of Texas, with reference to this specific case.

## D. VENUE

7.      Venue is proper in Webb County, Texas, because the insured property is situated

in Webb County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E. CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have

occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9.      Whenever in this petition it is alleged that Sentinel Insurance Company, Ltd did

any act or omission, it is meant that Sentinel Insurance Company, Ltd itself or its agents, officers,

servants, employees, or representatives did such act or omission, and it was done with the full

authorization or ratification of Sentinel Insurance Company, Ltd or done in the normal routine,

course, and scope of the agency or employment of Sentinel Insurance Company, Ltd or its agents,

2

officers, servants, employees, or representatives.

## G. FACTS

10.     Plaintiff is a named insured under a property insurance policy—65SBATB0412 (the "Policy")—issued by Sentinel Insurance Company, Ltd. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 801 Gale, Laredo TX 78041 (the "Property").

11.     On or about 5/21/2017, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the Property including but not limited to damage to the roof, ceilings, and fence.

12.     Shortly after the storm, Plaintiff noticed damage to the Property. Plaintiff contacted Sentinel Insurance Company, Ltd to notify Sentinel Insurance Company, Ltd of the damage.

13.     Plaintiff submitted a claim, CP0017389444, to Sentinel Insurance Company, Ltd against the Policy for all roof damage, water damage, and wind damage the Property sustained as a result of the storm.

14.     Plaintiff asked that Sentinel Insurance Company, Ltd honor its contractual obligations to cover the cost of repairs to the Property.

15.     Sentinel Insurance Company, Ltd assigned Rafael Angel Mancillas to adjust the claim. Defendants, Sentinel Insurance Company, Ltd and Rafael Angel Mancillas, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Rafael Angel Mancillas failed to fully inspect all damage to the Property.

16.     Despite obvious, visible storm damage, Rafael Angel Mancillas, on his/her own behalf and on behalf of Sentinel Insurance Company, Ltd, verbally misrepresented to Plaintiff at the time of the inspection and thereafter that the Property had minimal storm-related damage.

Rafael Angel Mancillas repeated this misrepresentation, again on his/her own behalf and on behalf of Sentinel Insurance Company, Ltd, in a letter to Plaintiff dated 6/10/2017.

17.     Together, Defendants Sentinel Insurance Company, Ltd and Rafael Angel Mancillas set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

18.     Defendant Sentinel Insurance Company, Ltd failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. Sentinel Insurance Company, Ltd's conduct constitutes a breach of the insurance contract between Sentinel Insurance Company, Ltd and Plaintiff.

19.     Even though the Property sustained obvious damage caused by a covered occurrence, Defendants misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

21.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy, and they failed to conduct a reasonable investigation of the claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

22.     Defendants failed to offer Plaintiff a reasonable explanation for why Plaintiff's

claim was denied. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

23.     Defendant, Sentinel Insurance Company, Ltd, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

24.     Defendant, Sentinel Insurance Company, Ltd, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant, Sentinel Insurance Company, Ltd, delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

26.     Since the time Plaintiff's claim was presented to Defendant Sentinel Insurance Company, Ltd, the liability of Sentinel Insurance Company, Ltd to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Sentinel Insurance Company, Ltd has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Sentinel Insurance Company, Ltd's duty of good faith and fair dealing.

27.     Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendants knowingly concealed all or part of material information from Plaintiff.

5

28.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## H. CAUSES OF ACTION

### I. BREACH OF CONTRACT (against Sentinel Insurance Company, Ltd)

29.     Defendant Sentinel Insurance Company, Ltd had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Sentinel Insurance Company, Ltd breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

30.     Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for breach of contract.

### II. PROMPT PAYMENT OF CLAIMS STATUTE (against Sentinel Insurance Company, Ltd)

31.     Plaintiff's claim is a claim under an insurance policy with Defendant Sentinel Insurance Company, Ltd, of which Plaintiff gave Sentinel Insurance Company, Ltd proper notice. Sentinel Insurance Company, Ltd is liable for the claim.

32.     Defendant Sentinel Insurance Company, Ltd violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Sentinel Insurance Company, Ltd reasonably believed to be required within the time constraints provided by Tex. Ins. Code § 542.055; failing to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or delaying payment of the claim following Sentinel Insurance

Company, Ltd's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34.     Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

## III.     UNFAIR SETTLEMENT PRACTICES/BAD FAITH (against all Defendants)

35.     Each of the foregoing paragraphs is incorporated by reference here fully.

36.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT** Sentinel Insurance Company, Ltd

37.     Defendant Sentinel Insurance Company, Ltd engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Sentinel Insurance Company, Ltd's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for Sentinel Insurance Company, Ltd's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Sentinel Insurance Company, Ltd and was a producing cause of Plaintiff's damages. Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT** Rafael Angel Mancillas

7

39.     Defendant Rafael Angel Mancillas was a contractor and/or adjuster assigned by Rafael Angel Mancillas to assist with adjusting the claim. Rafael Angel Mancillas was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

40.     Rafael Angel Mancillas was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

41.     Rafael Angel Mancillas conducted a substandard, results-oriented inspection of the Property.

42.     As such, Rafael Angel Mancillas failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

43.     Further, Rafael Angel Mancillas misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Rafael Angel Mancillas failed to provide Plaintiff with a reasonable explanation as to why Rafael Angel Mancillas did not compensate Plaintiff for the covered losses, or the true value thereof.

44.     Thus, Rafael Angel Mancillas engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Sentinel Insurance Company, Ltd's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for its adjuster's denial of the claim or offer of a compromise settlement of the

claim; and/or failing to conduct a reasonable investigation of Plaintiff's claim. Each of the aforementioned unfair settlement practices was committed knowingly by Rafael Angel Mancillas and was a producing cause of Plaintiff's damages. Rafael Angel Mancillas is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**IV.    DTPA VIOLATIONS** (against all Defendants)

45.    Each of the foregoing paragraphs is incorporated by reference here fully.

46.    At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47.    Defendants have violated the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") in at least the following respects:

48.    Defendants represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49.   As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages.  Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

50.   Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## V.   BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (against Sentinel Insurance Company, Ltd)

51.   Defendant Sentinel Insurance Company, Ltd breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when Sentinel Insurance Company, Ltd knew or should have known liability was reasonably clear. Sentinel Insurance Company, Ltd's conduct proximately caused Plaintiff's damages.

52.   Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff.

## VI.   ATTORNEY'S FEES

53.   Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

54.   Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55.   Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56.   Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

10

## I. KNOWLEDGE

57.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## J. DAMAGES

58.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.     Due to the mishandling of Plaintiff's claim by Defendants, the damages caused by the 5/21/2017 storm have not been fully addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE § 541.152.

62.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

63.     For breach of the common law duty of good faith and fair dealing, Plaintiff is

11

entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64.     For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.     For the prosecution and collection of this claim, Plaintiff was compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action.

### K. STATEMENT OF RELIEF AND DAMAGES

66.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### L. RESERVATION OF RIGHTS

67.     Plaintiff reserves the right to prove the amount of damages at trial.  Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

### M. JURY DEMAND

68.     Plaintiff hereby request that all causes of action alleged herein be tried before a jury

consisting of citizens residing in Webb County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## N.  REQUEST FOR DISCLOSURE

69.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, trebled, under the Texas Insurance Code and Texas Deceptive Trade Practices Consumer Protection Act, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

13

Filed
8/3/2017 10:38 AM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2017CVH001569D2

# CIVIL PROCESS REQUEST FORM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): _____

**FILE DATE OF MOTION:** _____ 8 _____ 3 _____ 2017 _____
                                    Month/    Day/    Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Sentinel Insurance Company, Ltd _____

   ADDRESS: 1999 Bryan Street, Ste 900, Dallas, TX 75201 _____

   AGENT, (*if applicable*): CT Corporation System _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ ATTORNEY PICK-UP          ☐ CONSTABLE
- ☒ CIVIL PROCESS SERVER - Authorized Person to Pick-up: Santiago Legal Servicing    Phone: (972) 497-2122
- ☐ MAIL                      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
    Type of Publication:  ☐ COURTHOUSE DOOR, or
                          ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, *explain* _____

**ATTENTION: Effective June 1, 2010**

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the
Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage
for mail back. Thanks you,

*****************************************************************************************************

2. NAME: Rafael Angel Mancillas _____

   ADDRESS: 200 S Sugar Rd, Edinburg, TX 78539 _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ ATTORNEY PICK-UP          ☐ CONSTABLE
- ☒ CIVIL PROCESS SERVER -  Authorized Person to Pick-up: Santiago Legal Servicing    Phone: (972) 497-2122
- ☐ MAIL                      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
    Type of Publication:  ☐ COURTHOUSE DOOR, or
                          ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Matthew Zarghouni     TEXAS BAR NO./ID NO. 24086085

MAILING ADDRESS: 7322 Southwest Freeway, Ste 1965, Houston, TX 77074

PHONE NUMBER: 346  980-6600          FAX NUMBER: 832  448-9149
              area code  phone number                area code  fax number

EMAIL ADDRESS: matt@zar-law.com

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                Rev. 5/7/10

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

__X__  ORIGINAL PETITION
_____  AMENDED PETITION
_____  SUPPLEMENTAL PETITION

COUNTERCLAIM
_____  AMENDED COUNTERCLAIM
_____  SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____  AMENDED CROSS-ACTION
_____  SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____  AMENDED THIRD-PARTY PETITION
_____  SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____  AMENDED INTERVENTION
_____  SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____  AMENDED INTERPLEADER
_____  SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO:  _____
                          (specify)
    MOTION TO:  _____
                          (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS



S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                                                                                    Rev. 5/7/10

Filed
8/3/2017 10:38 AM
Esther Degollado
District Clerk
Webb District

## CIVIL CASE INFORMATION SHEET

Esmeralda Alvarado
2017CVH001569D2

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ COURT *(FOR CLERK USE ONLY)*: _____

STYLED    MOISES GONZALEZ v SENTINEL INSURANCE COMPANY, LTD ET AL
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Matthew M. Zarghouni | Email:<br>matt@zar-law.com | Plaintiff(s)/Petitioner(s):<br><br>Moises Gonzalez | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>7322 Southwest Fwy,<br>Suite 1965, | Telephone:<br>346-980-6600<br><br>Fax:<br>832-448-9149 | _____<br><br>Defendant(s)/Respondent(s):<br>Sentinel Insurance Company, | Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br>Non-Custodial Parent: |
| City/State/Zip:<br>Houston, TX 77074<br><br>Signature:<br>/s/Matthew Zarghouni | State Bar No:<br>24086085 | Ltd. and Rafael Angel<br>Mancillas<br><br>[Attach additional page as necessary to list all parties] | _____<br>Presumed Father:<br>_____ |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Enforcement |
| ☒Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Custody |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | ☐Modification—Other |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | **Title IV-D** |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | ☐Enforcement/Modification |
| _____ | ☐Legal | ☐Other Property: | | ☐Paternity |
| *Foreclosure* | ☐Medical | _____ | | ☐Reciprocals (UIFSA) |
| ☐Home Equity—Expedited | ☐Other Professional | | | ☐Support Order |
| ☐Other Foreclosure | Liability: _____ | **Related to Criminal** | | |
| ☐Franchise | ☐Motor Vehicle Accident | **Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☒Insurance | ☐Premises | ☐Expunction | ☐Enforce Foreign | ☐Adoption/Adoption with |
| ☐Landlord/Tenant | *Product Liability* | ☐Judgment Nisi | Judgment | Termination |
| ☐Non-Competition | ☐Asbestos/Silica | ☐Non-Disclosure | ☐Habeas Corpus | ☐Child Protection |
| ☐Partnership | ☐Other Product Liability | ☐Seizure/Forfeiture | ☐Name Change | ☐Child Support |
| ☐Other Contract: | List Product: | ☐Writ of Habeas Corpus— | ☐Protective Order | ☐Custody or Visitation |
| _____ | | Pre-indictment | ☐Removal of Disabilities | ☐Gestational Parenting |
| | ☐Other Injury or Damage: | ☐Other: _____ | of Minority | ☐Grandparent Access |
| | _____ | | ☐Other: _____ | ☐Paternity/Parentage |
| | | | | ☐Termination of Parental |
| **Employment** | | **Other Civil** | | Rights |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | ☐Other Parent-Child: |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | | _____ |
| ☐Termination | Competition | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference | | |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: _____ | | |
| _____ | ☐Intellectual Property | | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health |
| | ☐Other Estate Proceedings | ☐Other: _____ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☒Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

**2017CVH001569D2**

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:  SENTINEL INSURANCE COMPANY LTD**
**BY SERVING C T CORPORATION SYSTEM**
**1999 BRYAN STREET STE 900**
**DALLAS, TX 75201**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH001569D2, styled:

**MOISES GONZALEZ, PLAINTIFF**
**VS.**
**SENTINEL INSURANCE COMPANY LTD; RAFAEL ANGEL MANCILLAS,**
**DEFENDANTS**

Said Plaintiff's Petition was filed on 08/03/2017 in said court by:

**MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
**7322 SOUTHWEST FWYSTE 1965**
**HOUSTON TX  77074**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 15th day of August, 2017.

### C L E R K    O F    C O U R T

CALENDAR CALL SET FOR
11/6/2017 AT 11:00 AM

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Maribel Ramirez_ DEPUTY
Maribel Ramirez

2017CVH001569D2

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at
_____      O'CLOCK      _____.M.      Executed      at
_____, within the COUNTY of _____
at _____ O'CLOCK ____.M. on the _____ day of
_____, 2017, by delivering to the within named
**SENTINEL INSURANCE COMPANY LTD,** each, in person, a true copy of
this citation together with the accompanying copy of the
petition, having first attached such copy of such petition to
such copy of citation and endorsed on such copy of citation the
date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES
_____

**2017CVH001569D2**

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  **SENTINEL INSURANCE COMPANY LTD**
     **BY SERVING C T CORPORATION SYSTEM**
     **1999 BRYAN STREET STE 900**
     **DALLAS, TX 75201**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH001569D2, styled:

                    **MOISES GONZALEZ, PLAINTIFF**
                              **VS.**
     **SENTINEL INSURANCE COMPANY LTD; RAFAEL ANGEL MANCILLAS,**
                          **DEFENDANTS**

Said Plaintiff's Petition was filed on 08/03/2017 in said court by:

     **MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
     **7322 SOUTHWEST FWYSTE 1965**
     **HOUSTON TX  77074**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 15th day of August, 2017.

          **C  L  E  R  K     O  F     C  O  U  R  T**

| CALENDAR CALL SET FOR |
| :--- |
| 11/6/2017 AT 11:00 AM |

                         ESTHER DEGOLLADO
                         WEBB COUNTY DISTRICT CLERK
                         P.O. BOX 667
                         LAREDO, TX 78042

                         BY: _Maribel Ramirez_ DEPUTY
                             Maribel Ramirez

**2017CVH001569D2**

**CITATION**

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.   IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:   RAFAEL ANGEL MANCILLAS**
**200 S SUGAR RD**
**EDINBURG TX   78539**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH001569D2 , styled:

**MOISES GONZALEZ, PLAINTIFF**

**VS.**

**SENTINEL INSURANCE COMPANY LTD; RAFAEL ANGEL MANCILLAS,**
**DEFENDANTS**

Said Plaintiff's Petition was filed on 08/03/2017 in said court by:

**MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
**7322 SOUTHWEST FWY STE 1965**
**HOUSTON TX   77074**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 15th day of August, 2017.

**C  L  E  R  K     O  F     C  O  U  R  T**

| | |
|---|---|
| CALENDAR CALL SET FOR<br>11/6/2017 AT 11:00 AM | ESTHER DEGOLLADO<br>WEBB COUNTY DISTRICT CLERK<br>P.O. BOX 667<br>LAREDO, TX 78042<br><br>BY: _____<br>Maribel Ramirez |

**2017CVH001569D2**

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at
_____ O'CLOCK _____.M.        Executed       at
_____, within the COUNTY of _____
at    _____ O'CLOCK _____.M.   on   the   _____ day   of
_____, 2017, by delivering to the within named
**RAFAEL ANGEL MANCILLAS**, each, in person, a true copy of this
citation together with the accompanying copy of the petition,
having first attached such copy of such petition to such copy of
citation and endorsed on such copy of citation the date of
delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation     $ _____.

To certify which, witness my hand officially.

_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY  _____

DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

_____

NOTARY PUBLIC
MY COMMISSION EXPIRES

_____

2017CVH001569D2

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO: RAFAEL ANGEL MANCILLAS**
    **200 S SUGAR RD**
    **EDINBURG TX  78539**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH001569D2 , styled:

**MOISES GONZALEZ, PLAINTIFF**
**VS.**
**SENTINEL INSURANCE COMPANY LTD; RAFAEL ANGEL MANCILLAS,**
**DEFENDANTS**

Said Plaintiff's Petition was filed on 08/03/2017 in said court by:

**MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
**7322 SOUTHWEST FWYSTE 1965**
**HOUSTON TX  77074**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 15th day of August, 2017.

**C  L  E  R  K    O  F    C  O  U  R  T**

CALENDAR CALL SET FOR
11/6/2017 AT 11:00 AM

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Maribel Ramirez_   DEPUTY

Maribel Ramirez



**MONICA Z. NOTZON**
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

August 15, 2017

CAUSE NO.:   <u>2017CVH001569D2</u>

STYLE:   <u>MOISES GONZALEZ</u>

VS

<u>SENTINEL INSURANCE COMPANY LTD AND
RAFAEL ANGEL MANCILLAS</u>

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on <u>11/06/2017</u>

at <u>11:00 AM</u> at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable

Judge Monica Z. Notzon.   Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and

Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures

prior to calendar call date.   This guideline order should have all appropriate dates including

pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may

be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial

guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court

DG:

## ** Transmit Confirmation Report **

P. 1
WEBB CO DISTRICT CLERK Fax:956-523-5121

Aug 16 2017 12:26pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 918324489149 | Fine | 16,12:25pm | 0'43" | 1 | O K | |



MONICA Z. NOTZON
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5068

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4228

FERNANDO RAMOS
BAILIFF
(956)523-4227

August 15, 2017

CAUSE NO.: 2017CVH001569D2

STYLE: MOISES GONZALEZ

VS

SENTINEL INSURANCE COMPANY LTD AND
RAFAEL ANGEL MANCILLAS

### NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on 11/06/2017
at 11:00 AM at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable
Judge Monica Z. Notzon. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and
Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures
prior to calendar call date. This guideline order should have all appropriate dates including
pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may
be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court

*Return*  Filed
8/24/2017 8:00 AM
Esther Degollado
District Clerk
Webb District
Ana Hernandez
2017CVH001569D2

**2017CVH001569D2**

**CITATION**

**THE STATE OF TEXAS**

**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:   SENTINEL INSURANCE COMPANY LTD**
**BY SERVING C T CORPORATION SYSTEM**
**1999 BRYAN STREET STE 900**
**DALLAS, TX 75201**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH001569D2, styled:

**MOISES GONZALEZ, PLAINTIFF**
**VS.**
**SENTINEL INSURANCE COMPANY LTD; RAFAEL ANGEL MANCILLAS,**
**DEFENDANTS**

Said Plaintiff's Petition was filed on 08/03/2017 in said court by:

**MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
**7322 SOUTHWEST FWYSTE 1965**
**HOUSTON TX  77074**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 15th day of August, 2017.

C  L  E  R  K      O  F      C  O  U  R  T

| CALENDAR CALL SET FOR |
| --- |
| 11/6/2017 AT 11:00 AM |

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Maribel Ramirez_   DEPUTY
Maribel Ramirez

**2017CVH001569D2**

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 2017 at
_____      O'CLOCK      _____.M.      Executed      at
_____, within the COUNTY of _____
at _____ O'CLOCK _____.M. on the _____ day of
_____, 2017, by delivering to ~~SERVICE RETURN ATTACHED~~ named
**SENTINEL INSURANCE COMPANY LTD**, each, i~~SERVICE RETURN ATTACHED~~ copy of
this citation together with the _____ copy of the
petition, having first attached _____ such petition to
such copy of citation and end_____ copy of citation the
date of delivery.

The distance actually trave_____ by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

                                    _____
                                    SHERIFF, CONSTABLE

                                    _____ COUNTY, TEXAS

                        BY  _____
                                                    DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

                                    _____
                                    NOTARY PUBLIC
                                    MY COMMISSION EXPIRES
                                    _____

# AFFIDAVIT OF SERVICE

State of Texas                         County of Webb                         111th Judicial District Court

Case Number: 2017CVH001569D2

Plaintiff:
**Moises Gonzalez**

vs.

Defendant:
**Sentinel Insurance Company Ltd and Rafael Angel Mancillas**

For:
Matthew Zarghouni
Zar Law Firm
7322 Southwest Freeway
Suite 1965
Houston, TX 77074

Received by Amado Santiago on the 22nd day of August, 2017 at 8:00 am to be served on **Sentinel Insurance Company.**

I, Amado Santiago, being duly sworn, depose and say that on the **23rd day of August, 2017** at **12:18 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition, Jury Demand, and Request for Disclosure** with the date and hour of service endorsed thereon by me, to: **Antionette Williams CT Corporation System as Registered Agent** at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201** on behalf of **Sentinel Insurance Company**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am ove the age of 18, have no interest in the above action, and am authorized to serve pursuant to Rule 103 of the Texas Rules of Civil Procedure and the Supreme Court of Texas Order.

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on the 23rd day of August, 2017 .

_Wendy Santiago_
NOTARY PUBLIC

_Amado Santiago_
**Amado Santiago**
SCH# 10256, Exp. 4/30/19

**Santiago Legal Services**
P.O. Box 1505
**Wylie, TX 75098**
**(972) 497-2122**

Our Job Serial Number: SGO-2017000707
Ref: Gonzalez v. Sentinel

WENDY MARIF SANTIAGO
Notary Public, State of Texas
Comm. Expires 08-05-2021
Notary ID 7C76670

Copyright © 1992-2017 Database Services, Inc - Process Server's Toolbox V7.2g

Filed
9/11/2017 12:00 AM
Esther Degollado
District Clerk
Webb District
Ana Hernandez
2017CVH001569D2

## Cause No. <u>2017-CVH-001569-D2</u>

| | | |
|---|---|---|
| Moises Gonzalez | § | In the District Court |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | Webb County, Texas |
| | § | |
| Sentinel Insurance Company, Ltd and | § | |
| Rafael Angel Mancillas | § | |
| | § | |
| | § | |
| *Defendants.* | § | 111th Judicial District |

## <u>PLAINTIFF'S NONSUIT AGAINST DEFENDANT RAFAEL ANGEL MANCILLAS</u>

Plaintiff, Moises Gonzalez, files this Nonsuit against Defendant Rafael Angel Mancillas.

Plaintiff respectfully requests the Court to enter an order non-suiting all claims and causes of

action in the above-styled and numbered cause against Defendant Rafael Angel Mancillas.

Plaintiff respectfully requests a dismissal with prejudice.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

1

Cause No. <u>2017-CVH-001569-D2</u>

| | | |
|---|---|---|
| Moises Gonzalez | § | In the District Court |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **vs.** | § | Webb County, Texas |
| | § | |
| Sentinel Insurance Company, Ltd and | § | |
| Rafael Angel Mancillas | § | |
| | § | |
| | § | |
| *Defendants.* | § | 111th Judicial District |

## <u>ORDER ON PLAINTIFF'S NONSUIT</u>

Before the Court is Plaintiff's Nonsuit against Defendant Rafael Angel Mancillas. Having considered the nonsuit, the Court is of the opinion that the nonsuit should be and hereby is GRANTED.

It is therefore ORDERED that Plaintiff's claims and causes of action against Rafael Angel Mancillas in the above-styled and numbered cause be dismissed with prejudice.

Signed this _____ day of _____, 2017.

_____

JUDGE PRESIDING

Filed
9/18/2017 3:37 PM
Esther Degollado
District Clerk
Webb District
Rene Gutierrez
2017CVH001569D2

CAUSE NO. 2017CVH001569 D2

| | | |
|---|---|---|
| MOISES GONZALEZ | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | WEBB COUNTY, TEXAS |
| | § | |
| SENTINEL INSURANCE | § | |
| COMPANY, LTD. AND RAFAEL | § | |
| ANGEL MANCILLAS | § | |
| Defendants | § | 111TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT
## SENTINEL INSURANCE COMPANY, LTD

TO THE HONORABLE COURT:

Defendant Sentinel Insurance Company ("Sentinel"), pursuant to the Texas Rules of Civil Procedure, files this Original Answer, and would respectfully show:

### I.
### GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Sentinel generally denies the material allegations contained in Plaintiffs' Original Petition, including any supplements or amendments (the "Petition"), and demands strict proof by a preponderance of the evidence on all of Plaintiff's claims, if Plaintiff can do so.

### II.
### RESERVATION OF RIGHT TO APPRAISAL

To the extent that Plaintiff presents evidence that controverts Sentinel's findings on the amount of loss under the policy at issue, and the parties are unable to reach an agreement to resolve this matter, Sentinel reserves and does not waive the right of either party to the insurance contract to invoke appraisal. The policy contains an appraisal clause allowing either party to invoke the appraisal process in the event there is a disagreement concerning the amount of loss for covered losses under the policy.

### III.
### PRAYER

WHEREFORE, Defendant Sentinel Insurance Company, Ltd. prays that Plaintiff take nothing and that Sentinel recover its costs, fees, and expenses, and for such other and further relief to which Hartford may show itself justly entitled, both in law and at equity.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
    A LAW CORPORATION

By: */s/ Martin R. Sadler*
    Martin R. Sadler
    Texas Bar No. 00788842
    msadler@lawla.com
    Rebecca A. Moore
    Texas Bar No. 24031701
    rmoore@lawla.com
    801 Travis Street, Suite 1800
    Houston, Texas 77002
    Telephone:  (713) 222-1990
    Facsimile:  (713) 222-1996

ATTORNEYS FOR DEFENDANT SENTINEL
INSURANCE COMPANY, LTD.

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading has been forwarded via electronic filing and/or facsimile to all counsel of record, on this the 18th day of September, 2017 to:

Matthew M. Zarghouni
Zar Law Firm
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074

*/s/Martin R. Sadler*
Martin R. Sadler